IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. 3:05-CR-186-L (8) |
| | § | |
| ALEJANDRINA PEREZ, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Revoke Detention Order, filed August 2, 2005 pursuant to 18 U.S.C. § 3145(b). Upon careful consideration of the motion, response, the detention hearing, the revocation of detention hearing, and applicable law, the court **grants** Defendant's Motion to Revoke Detention Order.

**I.    Procedural and Factual Background**

On July 20, 2005, a grand jury returned a single count indictment charging Defendant Alejandrina Perez ("Defendant" or "Perez") and fourteen others with Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance, namely "more than 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance," in violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C. § 841(b)(1)(A). Indictment at 2. Perez is the sister-in-law of Alberto Acuña, the alleged conspiracy leader. Acuña is married to Perez's sister, Laurentina Mundo. Perez, Acuña, and Mundo were indicted by the same instrument.

**Memorandum Opinion and Order  - Page 1**

On July 21, 2005, the United States of America (the "Government") filed its Motion for Detention pursuant to 18 U.S.C. § 3142(e)-(f). The Government argues that the court should detain Perez because there are no conditions of release which will reasonably assure (1) her appearance at trial; and (2) the safety of the community. On July 26, 2005, Perez entered a plea of not guilty. Two days later, on July 28, 2005, Perez appeared before a United States magistrate judge for a detention hearing. The next day, on July 29, 2005, the magistrate judge issued a Detention Order granting the Government's motion for pretrial detention. The magistrate judge stated that "probable cause exists *due to an indictment* charging Ms. Perez with being a co-conspirator in an extensive drug distribution conspiracy." Detention Order at 1 (emphasis added). He concluded that the Government had invoked the 21 U.S.C. § 3142(e) rebuttable presumption and that Perez failed to produce sufficient rebuttal evidence. *Id*. at 2.

Perez filed her Motion to Revoke Detention Order on August 2, 2005, pursuant to 18 U.S.C. § 3145(b). She contends that the magistrate judge's decision is incorrect in light of *United States v. Jackson*, 845 F.2d 1266 (5th Cir. 1988), because she produced sufficient rebuttal evidence to overcome the presumption and be granted pretrial release. Perez reasons that, once she rebutted the presumption, the Government was required to prove that she was a flight risk or a danger to the community. She argues that the Government failed to prove its burden because it cannot produce evidence showing that she intentionally or knowingly participated in a drug conspiracy, as opposed to being "duped into" assisting her brother-in-law. Mot. to Revoke Detention Order at 4.

The Government filed its Response to Motion to Revoke Detention Order on August 26, 2005. It argues that the court should affirm the magistrate judge's decision by denying revocation because Perez is charged with a serious drug crime carrying a ten-year minimum sentence and has

**Memorandum Opinion and Order  - Page 2**

significant incentive to flee if she is granted pretrial release. It contends that Perez's status as a non-citizen multiplies her incentive to flee, because, if convicted, she would face possible deportation following imprisonment. Moreover, the Government contends that the indictment, combined with the evidence presented at the detention hearing, establishes probable cause for Perez's involvement in the conspiracy.

On September 6, 2005, the court held a revocation of detention hearing. At the hearing, the Government produced evidence that Perez is a citizen of Mexico who has been a legal resident of the United States since May 10, 2005. Likewise, evidence was produced that her parents and two brothers live in the State of Guerrero, Mexico, and that she went to Mexico in June of 2005 for approximately two weeks to visit her mother, who is ill.

A Drug Enforcement Administration ("DEA") agent testified that the Acuña organization was a "very large, very well organized" enterprise which "contained a substantial amount of money and drugs . . . ." Transcript of Hearing at 19-20. He also testified that drug traffickers generally rely on people they can trust, like family members and close friends, to help run a successful cocaine distribution organization.

The Government produced evidence that Perez was the service plan subscriber to several of the cellular telephones used by individuals targeted in its investigation. Specifically, testimony indicated that Perez had given her sister, Laurentina Mundo, a cellular telephone and service plan that Acuña, her husband, subsequently used. Evidence was also produced of an intercepted telephone conversation occurring on December 14, 2004 between Perez and Acuña, in which Acuña "told" her to drive a Hummer to Mexico.[1]

---

[1]The Government did not submit actual telephone conversation transcripts into evidence at the revocation of detention hearing. Instead, it submitted only two conversation summaries, each two paragraphs in length.

**Memorandum Opinion and Order - Page 3**

The Government produced evidence that Perez purchased an 2003 Hummer on her own credit for Acuña. Intercepted telephone conversations indicate that Perez retained title to the Hummer, but Acuña made the payments. Perez's husband testified that in December of 2004, the Hummer was parked in front of their residence. The DEA agent testified that it was not probable that Perez or her husband could afford such a vehicle. He also testified that agents spotted the same Hummer in McAllen, Texas in March or April, 2005 following a lead vehicle headed toward the border checkpoint. According to the agent's testimony, agents in McAllen stopped the lead vehicle and located over $100,000 in the car. The Hummer was not detained or identified because it departed the area after the lead vehicle was stopped, and agents were unable to determine who drove the Hummer.

The Government also produced evidence that Acuña had been seen at Perez's residence, but had never lived there. Moreover, evidence was produced that travel documents belonging to Acuña were seized from a trash receptacle outside Perez's residence. The Government argues that the above information, coupled with Perez's status a non-citizen; her ties to family in Mexico; the ten-year minimum term of imprisonment, if convicted; and the risk of deportation subsequent to imprisonment warrant a finding of a lack of reasonable assurance of Perez's appearance at trial.

Perez offered evidence that she has lived in the Dallas, Texas area for 15 years, and has significant family ties. She is married to a legal resident of the United States, and they have two children who are United States citizens and are enrolled in local public schools. Her four sisters, including Mundo, live in the Dallas area, as do numerous cousins, nieces, and nephews. Perez and her husband are making mortgage payments on a home they have lived in for two years. Moreover, evidence was introduced that Perez has maintained regular full-time employment for 13 years and

has held the same job as a chef for a children's school for the past 6 years. Evidence was also produced that Perez, like her husband, has no criminal background.

Perez produced evidence that she was the one family member with good credit, qualifying her to purchase things that family members otherwise could not. Testimony was elicited that Perez signed as a guarantor on a loan for one of her sisters, and, on occasion, has charged purchases in her name conditioned upon a family member paying her back. Evidence was produced that she purchased the Hummer for Acuña under the assumption that he would make the payments. Perez contends that any evidence produced by the Government concerning her purchases of vehicles or cellular telephone service plans in connection with drug trafficking is just as consistent with purely innocent actions taken to aid family members who could not otherwise purchase such items. Additionally, she contends that the Government has failed to show that she purchased any item knowing or intending that it would be used for drug trafficking and therefore has not shown that any of her conduct was illegal or part of an alleged conspiracy.

## II.  **Revocation of Detention Order Standard**

When a district court considers a motion to revoke a magistrate's pretrial detention order filed pursuant to 18 U.S.C. § 3145(b), the court reviews *de novo* and makes an independent determination of the proper pretrial detention or conditions for release. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). Pretrial detention may be ordered only upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person and the community." 18 U.S.C. § 3142(e) (2005). The court's finding of a lack of reasonable assurance of either (1) the defendant's appearance or (2) the safety of others or the community is sufficient; both are not required. *United States v. Rueben*, 974 F.2d

580, 586 (5th Cir. 1992), *cert*. *denied*, 507 U.S. 940 (1993).  The court must determine a lack of assurance of trial presence by a preponderance of the evidence.  *United States v*. *Jackson*, 845 F.2d 1262, 1264 n.3 (5th Cir. 1988) (*citing Fortna*, 769 F.2d at 251 n.7).  A determination of a lack of assurance of community safety must be based on clear and convincing evidence.  *Id*.

   A finding of probable cause to believe that a person committed an offense pursuant to the Controlled Substances Act (21 U.S.C. § 801 *et seq*.) carrying a maximum term of imprisonment of ten years or more creates a presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure (1) the person's appearance at trial and (2) the safety of the community.[2]  18 U.S.C. § 3142(e)-(f).  Although this presumption imposes a burden of production on the defendant to produce rebuttal evidence, the Government retains the burden of persuasion.  *United States v*. *Barker*, 876 F.2d 475, 476 (5th Cir. 1989).  To rebut the presumption, the defendant must "produce some evidence that he does not present a special risk . . . ."  *Fortna*, 769 F.2d at 252.  Where the defendant presents considerable evidence of longstanding ties to the locality in which he faces trial, the section 3142(e) presumption is rebutted.  *Jackson*, 845 F.2d at 1266.  Producing evidence of family ties only rebuts the presumption, however, where the ties are not a reflection of the drug conspiracy itself.  *Rueben*, 974 F.2d at 586.  Likewise, evidence of a defendant's employment is meaningful only when such employment is not connected to drug trafficking.  *Id*.

   The presumption does not disappear if the defendant produces rebuttal evidence; instead, it remains in the case as one of several factors for the court to consider.  *United States v*. *Hare*, 873

---

[2]When the presumption is triggered, "a 'strong probability arises that no form of conditional release will be adequate'."  *Fortna*, 769 F.2d at 251 (*quoting United States v*. *Jessup*, 757 F.2d 378, 382 (1st Cir. 1985)) (citing S. Rep. No. 98-473, at 19 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3184, 3202).

**Memorandum Opinion and Order - Page 6**

F.2d 796, 798 (5th Cir. 1989). In addition to the § 3142(e) presumption and defendant's rebuttal evidence, the court must also consider the following factors:

>   (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence of involves a narcotic drug;
>   (2)   the weight of the evidence against the person;
>   (3)   the history and characteristics of the person, including
>       (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>       (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and
>   (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 1342(g)(1)-(4); *see Jackson*, 845 F.2d at 1266. To summarize, the burden of persuasion remains on the Government to show lack of reasonable assurance, but in weighing the evidentiary balance, the court considers the section 3142(e) presumption, defendant's rebuttal evidence, and the section 3142(g) factors. *Hare*, 873 F.2d at 799; *Jackson*, 845 F.2d at 1266.

The Government must introduce extrinsic incriminatory evidence concerning the "weight of the evidence" against a defendant pursuant to section 3142(g)(2) as a required feature of its proof, *e.g., Jackson*, 845 F.2d at 1266. In *Jackson*, the court held that the Government failed to establish the need for pretrial detention of a defendant facing charges relating to drug manufacture and distribution, even when the section 3142(e) presumption was invoked, where it merely rested on the presumption and furnished evidence of defendant's membership in a motorcycle gang that engaged in drug trafficking and prostitution, and was capable of hiding fugitives from justice. *See id.* at 1264. Evidence was also produced that Jackson had been arrested on numerous charges but never

convicted. *See id*. at 1265. The court in *Jackson* held that the Government's reliance upon the section 3142(e) presumption, as well as the allegations charged in the indictment, his gang membership, and his substantial penal exposure, was insufficient to satisfy section 3142(g)(2), since the Government introduced no extrinsic incriminatory evidence regarding defendant's specific participation in the offenses alleged in the indictment. *See id*. at 1264-65. Further, it stated that the court should consider a defendant's "associations with malefactors," but held that "generalized evidence of such associations" is an insufficient basis for ordering pretrial detention. *Id*. at 1266.

## III.   Analysis

The court determines that the section 3142(e) presumption is invoked against Perez.[3] Perez has presented "some evidence" that she does not present a special risk of flight or danger to the community and therefore has presented sufficient evidence to rebut the presumption. *See Fortna*, 769 F.2d at 251-52. She has considerable family ties to the Dallas area. *See Jackson*, 845 F.2d at 1266. Although her brother-in-law and sister are coindictees, Perez also has a husband, three sisters, and numerous cousins, nieces and nephews in the Dallas area, and therefore her family ties are not a reflection of the drug conspiracy itself. *See Rueben*, 974 F.2d at 586. Moreover, Perez has maintained steady employment for 13 years, and such employment is not connected to drug trafficking. *See id*.

Although the Government is *not* required to produce all evidence it may have against a defendant at either a pretrial detention or a revocation of pretrial detention hearing, when a defendant presents sufficient rebuttal evidence, as Perez has done, it would behoove the Government to advise the court concerning the "weight of the evidence" against the defendant as to her

---

[3]Perez has been indicted for violating 21 U.S.C. § 846, part of the Controlled Substances Act. If convicted, she faces a ten-year statutory minimum imprisonment term. 21 U.S.C. § 841(b)(1)(A).

**Memorandum Opinion and Order - Page 8**

participation in the charged offense, the second factor listed in section 3142(g). *Jackson*, 845 F.2d at 1265. The Government's introduction of evidence showing Perez's specific participation in the offense alleged in the indictment would sufficiently advise the court so that it could properly weigh this factor. *See* 18 U.S.C. § 3142(g)(2); *see Jackson*, 845 F.2d at 1265.

Other than the intercepted telephone conversations described above, the Government has produced no evidence suggesting that Perez in fact drove the Hummer to Mexico at Acuña's request, much less that she *actually* drove the vehicle in furtherance of a cocaine distribution conspiracy. Likewise, at this stage in the proceedings, it has not produced evidence showing such conversations between Perez and Acuña concerned illegal activity. Accordingly, the Government has furnished little extrinsic incriminatory evidence showing Perez's involvement in a cocaine distribution conspiracy and therefore has not sufficiently advised the court concerning the "weight of the evidence" against Perez; namely, how the evidence shows that she would be a flight risk or a danger to the community in light of the offense for which she is charged. *See* 18 U.S.C. § 3142(g)(2); *see Jackson*, 845 F.2d at 1265.

In *Jackson*, it was undisputed that the defendant had previous arrests and was a member of a gang that was engaged in drug distribution and capable of hiding fugitives from justice. Here, Perez undisputedly has no previous criminal history and is connected to Acuña and Mundo at least insofar as both are members of her family. The court has considered the familial relation between Perez, Mundo, and Acuña. It concludes that to suggest that because Perez is related to Acuña and Mundo, she must therefore be part of a cocaine distribution conspiracy, is mere, generalized evidence of association. *See id.* at 1266. Similarly, given Perez's rebuttal evidence, the court

demands more than the inference, based on generalized evidence of association, that because Perez has some family members living in Mexico, she will likely flee. *See id.*

The magistrate judge stated that probable cause existed by virtue of the indictment, but did not make any specific findings of probable cause that Perez was part of the conspiracy charged in the indictment. *See* Detention Order at 2. The indictment at issue is extremely general and does not even contain allegations of Perez's mere associations with other conspirators, much less specific instances of her participation in the conspiracy. Because the Government has furnished little extrinsic incriminatory evidence showing Perez's involvement in the conspiracy, it has not sufficiently advised the court concerning the evidence "weight of the evidence" against her, and its reliance upon the section 3142(e) presumption, coupled with the allegations of the indictment, is not enough to satisfy § 3142(g). *See Jackson*, 845 F.2d at 1265.

Given the current state of the record, the court is persuaded by clear and convincing evidence that some condition or set of conditions will reasonably assure Perez's appearance at trial and other court proceedings as well as the safety of the community. Electronic monitoring, reasonable bail, placement of Perez in the custody of a third-party, restrictions on her personal association, place of abode, and travel, and other conditions could all be imposed. Accordingly, the court will instruct the magistrate judge to impose such conditions or combination of conditions that will reasonably assure Perez's appearance at trial and other court proceedings as well as the safety of the community.

## VI.    Conclusion

For these reasons, the court **revokes** the magistrate judge's Detention Order pursuant to 18 U.S.C. § 3145(b) and **grants** Perez pretrial release pursuant to 18 U.S.C. § 3142, subject to the

parameters set forth in this opinion and the conditions to be imposed by the magistrate judge. Accordingly, the court **directs** that Defendant Alejandrina Perez be brought before the magistrate judge at the earliest time practicable, consistent of course with the magistrate judge's schedule. Perez **shall be released** on such conditions or combination of conditions as the magistrate judge deems appropriate, consistent with this opinion and order, and 18 U.S.C. § 3142. These conditions may include any of those mentioned previously, and any other condition that the magistrate judge deems appropriate to reasonably assure Perez's appearance at trial and other court proceedings, and to assure the safety of the community. The magistrate judge **shall** also include in the release order those matters required by 18 U.S.C. § 3142(h).

**It is so ordered** this 13th day of October, 2005.

*[signature]*
Sam A. Lindsay
United States District Judge